IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. No.: 1:05CR50-M |
| | ) | CR. No.: 1:05CR118-M |
| CALVIN FLOWERS | ) | |

**PLEA AGREEMENT**

**DEFENSE COUNSEL:**              **KEVIN L. BUTLER**

**SPECIAL ASSISTANT U.S. ATTORNEY:**    **SEAN P. TARANTINO**

**COUNTS AND STATUTES CHARGED:**

18 United States Code Section 641 - Theft of Government Property

18 United States Code Section 1382 - Trespassing

**COUNTS PLEADING PURSUANT TO PLEA AGREEMENT:**

Count 1 in **CR. No.: 1:05CR50-M**
Counts 1 and 2 in **CR. No.: 1:05CR118-M**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Sean P. Tarantino, Special Assistant United States Attorney and Kevin L. Butler, attorney for the defendant, pursuant to Rule 11(c)(1)(C), Federal Rules of Criminal Procedure, as Amended, have, with the authorization of the undersigned defendant, heretofore entered into discussions with a view towards reaching a pretrial conclusion of the charges pending in the Informations listed above and a Plea Agreement has been reached by said parties. The plea is being submitted to the Court pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), and the

parties understand that, if the terms of the Plea Agreement are not accepted by the Court, the defendant will be allowed to withdraw the defendant's plea of guilty and will proceed to trial.

## GOVERNMENT'S PROVISIONS

1.  Upon the entering of a plea of guilty by the defendant to the offenses charged in the Informations filed in **CR. No.: 1:05CR50-M** and **CR. No.: 1:05CR118-M,** the government will agree,

a.  pursuant to Rule 11(c)(1)(C), that the appropriate sentence in **CR. No.: 1:05CR50-M** is a sentence of one year in custody which will run concurrently with the one year sentence imposed in **CR. No.:1:02CR165-M**.

b.  The appropriate sentence in **CR. No.: 1:05CR118-M** is a sentence of six months in custody which shall run consecutively to the sentence imposed in **CR. No.: 1:05CR50-M**.

2.  The government (and the defense) agree that any term of supervised release shall be set by the court.

3.  The United States reserves the right to inform the Court and the Probation Department of all facts pertinent to the sentencing process, including all relevant information concerning the offenses and the defendant's background.

## DEFENDANT'S PROVISIONS

4.  The defendant agrees to the following:

a.  To plead guilty to the charges filed in **CR. No.: 1:05CR50-M** and **CR. No.: 1:05CR118-M**.

2

b.	Waive appeal of sentence in **CR. No.: 1:05CR50-M**, **CR. No.: 1:05CR118-M** and **CR. No.:1:02CR165-M**.

c.	Agree to a term of supervised release to be determined by the court.

## FACTUAL BASIS

a.	On or about October 23, 2004, at Fort Rucker, Alabama, in the Middle District of Alabama, Calvin Flowers, did knowingly and wrongfully convert to his own use or the use of another, a thing of value of the United States Government, valued at $1,000.00 or less, to wit: wrist watch, in violation of Title 18, Section 641, United States Code.

b.	On or about February 5, 2005, at Fort Rucker, Alabama, in the Middle District of Alabama, Calvin Flowers, did knowingly and wrongfully convert to his own use or the use of another, things of value of the United States Government, valued at $1,000.00 or less, to wit: six (6) cartons of cigarettes, two (2) packs of smokeless tobacco and one (1) case of cigars, in violation of Title 18, Section 641, United States Code.

c.	On or about February 5, 2005, at Fort Rucker, Alabama, in the Middle District of Alabama, Calvin Flowers, did violate the provisions of an Order Not to Re-Enter Fort Rucker by re-entering and unlawfully remaining on the Fort Rucker installation, in violation of Title 18, Section 1382, United States Code.

## DEFENDANT'S WAIVER OF APPEAL AND COLLATERAL ATTACK

5.	Understanding that 18 U.S.C. § 3742 provides for appeal by a defendant, the defendant expressly waives any and all rights conferred by 18 U.S.C. § 3742 to appeal the sentence. Defendant further expressly waives the right to appeal the conviction and sentence on any other ground and waives the right to attack the conviction and sentence in any post-

conviction proceeding. This waiver does not include the right to appeal on the ground of ineffective assistance of counsel or prosecutorial misconduct.

In return for the above waiver by the defendant, the Government does not waive its right to appeal the sentence imposed in the instant case. The Government does not waive its right to appeal any order dismissing the Informations, vacating a sentence, or otherwise terminating the prosecution at any stage of the proceedings. Further the parties agree that nothing in this agreement shall affect the Government's right and/or duty to appeal as set forth in 18 U.S.C. § 3742(b). However, if the United States appeals the defendant's sentence pursuant to 18 U.S.C. § 3742(b), the defendant is released from this waiver.

## **DEFENDANT'S UNDERSTANDING AND ACKNOWLEDGMENT**

6.    The defendant, before entering a plea of guilty to the offenses charged in the Informations as provided for herein by said Plea Agreement, advises the Court that:

    a.    The discussions between the attorney for the government and the attorney for the defendant towards reaching an agreed plea in this case have taken place with the defendant's authorization and consent.

    b.    Defendant acknowledges that a breach of this federal plea agreement will not entitle him to withdraw his guilty plea in this case. Defendant understands and acknowledges that defendant's guilty plea will remain in full force and effect upon any breach of this agreement by the defendant.

    c.    The defendant further understands that, an assessment fee is to be paid by the defendant on the date of sentencing.

    d.    The defendant understands that the defendant has a right to be represented

by an attorney at every stage of the proceedings against the defendant herein and is represented by the defendant's undersigned attorney.

   e. The defendant understands that the defendant has the right to plead not guilty and has the right to be tried by a jury and, at a trial thereof, has the right to the assistance of counsel, the right to confront and cross-examine witnesses against the defendant, the right to call witnesses in the defendant's own behalf, and the right not be compelled to incriminate the defendant, and that if the defendant enters a plea of guilty herein, there will not be a further trial of any kind and that by the entry of such a plea, the defendant waives the right to a trial by jury or to a trial before the Court.

   f. The defendant further understands that in entering a plea of guilty herein, the Court may ask questions about the offense to which the plea is entered and further understands that if the defendant answers these questions under oath, on the record, and in the presence of counsel, which questions and answers would be recorded, that the answers may later be used against the defendant in a prosecution for perjury or false statement if the answers are not truthful.

   g. The defendant further understands and advises the Court that the Plea Agreement as set forth herein and the plea to be entered by the defendant as a result thereof is voluntary on the defendant's part and is not the result of any force or threats or of any promises apart from the aforesaid Plea Agreement. The defendant further advises the Court that the Plea Agreement set forth herein is the result of prior discussions between the attorney for the government, and the attorney for the defendant, all conducted with the defendant's authorization, knowledge, and consent.

   h. The defendant further advises the Court that the defendant's understanding of this Plea Agreement is as set forth in this document.

   i. The defendant further advises the Court that it is understood that the government can only make a recommendation which is not binding on the respective Court.

   j. The defendant further advises the Court that the defendant understands and has been advised that evidence of a plea of guilty, later withdrawn or an offer to plea guilty to the crimes charged in the Informations herein, or of statements made in connection with and relevant to said plea or offer to plead, shall not be admissible in any civil or criminal proceedings against the defendant. However, the defendant does understand that evidence of a statement made in connection with and relevant to a plea of guilty, later withdrawn, or an offer to plead guilty to the crimes charged in the Informations herein, is admissible in a criminal proceeding for perjury or false statement when the statement was made by the defendant under oath, on the court record, and in the presence of counsel.

   k. The defendant is satisfied that defense counsel has been competent and effective in representing defendant.

  7. The undersigned attorney for the government and for the defendant represent to the Court that the foregoing Plea Agreement is the agreement of the parties that has been reached pursuant to the Plea Agreement procedure provided for in Rule 11, Federal Rules of Criminal Procedure, as Amended. The attorney for the defendant further advises the Court that the defendant has been advised of the nature of the charge to which the foregoing described plea is to be offered, and that the defendant has been advised of the defendant's right to plead not guilty and to be tried by a jury on all issues herein; of the maximum possible penalty provided by law;

that by the entering of a plea of guilty as aforesaid, the defendant waives the right to be tried by a jury or by the Court, waives the right to confront and cross-examine witnesses against the defendant and the right not to be compelled to incriminate the defendant; and that if the defendant pleads guilty, there will not be a further trial of any kind. Further, the defendant has been advised that if the defendant pleads guilty, the Court may ask questions about the offense to which the defendant has pleaded and that if the plea is rejected or later withdrawn, that the answers to such questions may not be used against the defendant in a civil or criminal proceeding, but that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement if the answers are not truthful.

8. The defendant understands that the Court will order the United States Probation Office to prepare a presentence investigation report for the Court.

This 14th day of July, 2005.

Respectfully submitted,
LEURA G. CANARY
UNITED STATES ATTORNEY

_____
Sean Tarantino
Special Assistant U.S. Attorney
IL BAR NO. 6279909
Office of the Staff Judge Advocate
Soldier Service Center, Building 5700
Fort Rucker, Alabama 36362

I have read the foregoing Plea Agreement, understand the same, and the matters and facts set forth therein accurately and correctly state the representations that have been made to me and accurately set forth the conditions of the Plea Agreement that has been reached.

IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE AND CORRECT AND THAT I AM SATISFIED THAT I HAVE RECEIVED COMPETENT ADVICE AND REPRESENTATION FROM MY DEFENSE COUNSEL, KEVIN L. BUTLER.

_____
Calvin Flowers
Defendant

Date: 7/14/05

_____
Kevin L. Butler
Attorney for the Defendant

Date: 7/14/05