IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| V. | ) | CR. No.: 1:05CR50-CSC & 1:05CR118-CSC |
| | ) | |
| | ) | |
| CALVIN FLOWERS | ) | |

**MOTION FOR LEAVE TO FILE APPEAL**

**COMES NOW**, the Defendant Calvin Flowers ("Mr. Flowers"), by and through undersigned counsel, Kevin L. Butler, and moves for leave to file appeal brief. In support of this motion, the Defense states the following:

1. On February 28, 2005, Mr. Flowers was charged in an information with unlawfully taking a wrist watch from the Fort Rucker, Alabama military installation in violation of 18 U.S.C. §641. (Doc. # 1). This information is filed under case number 1:05CR50-CSC. On May 3, 2005, Mr. Flowers was charged in a two count information with taking tobacco products, and trespassing upon a military installation in violation of 18 U.S.C. §641 and 18 U.S.C. §1382. (Doc. # 1). This information is filed under case number 1:05CR118-CSC. Although these two cases were never consolidated under one case number, all of the proceedings in both cases were addressed simultaneously at each of Mr. Flowers' subsequent court hearings. However, for the sake of clarity, citations to the record will only be referenced to the Certificate of Readiness of Record On Appeal for case number 1:05CR50-CSC.

2. On April 2, 2007, Mr. Flowers' preliminary examination and revocation hearing was held. (Doc. # 30). Although the district court found that Mr. Flowers was not guilty of disorderly conduct, he was adjudicated guilty of the remaining allegations in the Petition for Revocation. (Doc.

# 31). His term of supervised release was revoked, and he was sentenced to a twelve month term of imprisonment for each of the two cases under which he had been sentenced. (Doc. # 31).

3. Mr. Flowers timely filed a Notice of Appeal on April 6, 2007. (Doc. # 32). Mr. Flowers subsequently timely filed his initial appeal brief in the Eleventh Circuit Court of Appeal on June 21, 2007.

4. On July 25, 2007, undersigned counsel received a copy of the Government's Motion to Dismiss Appeal and Reply Brief. The Government's Motion to dismiss asserted that pursuant to Federal Rule of Procedure 58, an appeal of the final judgment and conviction imposed by the United States Magistrate Judge in this case was due to be filed in the District Court for the Middle District of Alabama, rather than the Eleventh Circuit Court of Appeal.

5. Following review and consideration of the relevant rules of criminal procedure, Mr. Flowers filed an Unopposed Motion for Voluntary Dismissal of Appeal in the Eleventh Circuit Court of Appeal. Mr. Flowers now seeks to appropriately file his appeal in this Court.

6. In *United States v. Pippin*, 473 F.Supp. 2d. 1171( M.D. Ala. Nov. 27, 2006), the defendant filed a *pro se* motion for an extension to file a notice of appeal, asserting that he had failed to timely file his notice because he was indigent and did not have an attorney to file the appeal for him. This Court explained that the defendant's motion was controlled by Federal Rule of Appellate Procedure 4(b)(4). Fed. R. App. P. 4(b)(4) provides that " [u]pon a finding of excusable neglect or good cause, the district court may--before or after the time has expired, with or without motion and notice--extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b)." This Court explained that,

> The excusable neglect standard is a relatively forgiving one. (Citations omitted). However, . . . In order to reach a justified finding of excusable neglect, the court must "take account of all relevant circumstances surrounding the party's omission, including the danger of prejudice to the nonmovant, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*United States v. Pippin*, 473 F.Supp. 2d. at 1173. This Court held that the defendant could not show excusable neglect or good cause to warrant an extension of time to file his notice of appeal.

7. This case is distinguishable from *Pippin* in that at no time was Mr. Flower's dilatory in the filing of either his notice of appeal or appeal brief. Thus, although the "excusable neglect standard is a relatively forgiving one," it does not apply in this case. Mr. Flower's notice of appeal and appeal brief were both timely, yet, mistakenly filed in the wrong court. In that, Mr. Flower's case is almost identical to *Burnett v. New York Central Railroad Company,* 380 U.S. 424 (1965).

8. In *Burnett v. New York Central Railroad Company,* the plaintiff mistakenly filed his lawsuit in state court when the appropriate venue was federal court. While the case was pending in state court, the time limitations in which the case was to be filed in federal court expired. Eight days after the lawsuit was dismissed in the state court for improper venue, the plaintiff filed his action in federal court. The United States Supreme Court held that the plaintiff's subsequent filing of the lawsuit in federal court was not untimely because "[b]oth federal and state jurisdictions have recognized the unfairness of barring a plaintiff's action solely because a prior timely action is dismissed for improper venue after the applicable statute of limitations has run." *Burnett,* 380 U.S. at 430. Like the United States Supreme Court in *Burnett*, this Court should grant this motion, and allow Mr. Flower's filing of his appeal brief as timely because it was timely filed in the Eleventh Circuit Court of Appeal.

9.     Should this Court find that good cause is needed to warrant the filing of Mr. Flower's brief, it is of note that upon learning of the mistaken filing in this case, Defense Counsel immediately took steps to rectify the mistake by seeking voluntary dismissal of the appeal in the Eleventh Circuit. Despite the mistaken filing resulting in some delay, that delay has not prejudiced the Government. Furthermore, all relevant circumstances surrounding the mistaken filing show that Mr. Flowers and undersigned counsel have acted in good faith.

**WHEREFORE**, the Defendant respectfully prays that this motion be granted.

Respectfully submitted,

<u>s/ Kevin L. Butler</u>
KEVIN L. BUTLER
First Assistant Federal Defender
201 Monroe Street, Suite 407
Montgomery, Alabama 36104
Phone: (334) 834-2099
Fax: (334) 834-0353
E-mail: kevin_butler@fd.org
AZ Bar Code: 014138

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| V. | ) | CR. No.: 1:05CR50-CSC & 1:05CR118-CSC |
| | ) | |
| **CALVIN FLOWERS** | ) | |

**CERTIFICATE OF SERVICE**

    I hereby certify that on July 27, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Emily M. Ruisanchez
Special Assistant U.S. Attorney
Office of the Staff Judge Advocate
Soldier Service Center, Building 5700
Fort Rucker, Alabama 36362

        Respectfully submitted,

        s/ Kevin L. Butler
        KEVIN L. BUTLER
        First Assistant Federal Defender
        201 Monroe Street, Suite 407
        Montgomery, Alabama 36104
        Phone: (334) 834-2099
        Fax: (334) 834-0353
        E-mail: kevin_butler@fd.org
        AZ Bar Code: 014138